## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| ALFREDO MEDINA, individually and on behalf of all others similarly situated,<br><br>v.<br><br>VICTORY MARKETING AGENCY, LLC, WELLHEALTH MANAGEMENT, LLC, AND VINCENT ANTONIO. | **Case No.:** _____<br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendants do not pay overtime to their hourly health clinic staff.

2. Instead, Defendants pay hours worked in excess of 40 in a workweek at the same rate they pay for hours worked in the first 40 hours in a workweek.

3. Defendants also fail to pay for all hours worked.

4. Defendants record the time worked, but only pay for the hours that work locations are open for business.

5. Defendants practice of paying straight time for overtime and failing to pay for all hours worked violates the overtime provisions of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

6. Because this practice results in non-payment of overtime wages to Alfredo Medina and other similarly situated workers, Medina brings this collective action to recover unpaid overtime wages and other damages under the FLSA.

### JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Wellhealth is headquartered in Plano, Texas and a substantial part of the events giving rise to Medina's claim occurred in this district.

## THE PARTIES

9. Victory Marketing Agency, LLC ("Victory Marketing") is a staffing agency headquartered in Florida.

10. Vincent Antonio ("Antonio") owns and manages Victory Marketing.

11. Wellhealth Management, LLC ("Wellhealth") operates healthcare clinics throughout the United States.

12. Defendants employed and/or jointly employed Medina as a medical assistant in Wellhealth's clinics.

13. Medina's dates of employment are November 23, 2020 to April 11, 2021.

14. Medina worked in Wellhealth's clinics in Texas, including Plano and Mesquite.

15. Exhibit 1 is Medina's written consent to this case.

16. Medina brings this action not only in his individual capacity, but also on behalf of others similarly situated (the "FLSA Class").

17. The FLSA Class consists of hourly Wellhealth clinic workers that were staffed by Victory Marketing.

18. The FLSA Class was subjected to the same FLSA violations described herein.

19. The FLSA Class is properly defined as:

> **All hourly Wellhealth clinic workers staffed by Victory Marketing during the last three years.**

20. In each of the past three years, Victory Marketing's gross annual revenues exceeded $500,000.

21. In each of the past three years, Wellhealth had gross annual revenues that exceeded $1,000,000.

22. At all relevant times, Victory Marketing's employees handled, sold, or otherwise worked on goods or materials (like cell phones, medical supplies, medical equipment, computers, pens, printers, etc.) that have been moved in or produced for interstate commerce.

23. At all relevant times, Wellhealth's employees handled, sold, or otherwise worked on goods or materials (like cell phones, medical supplies, medical equipment, computers, pens, printers, etc.) that have been moved in or produced for interstate commerce.

## FACTS

24. In response to the need for rapid, mobile COVID-19 testing, Wellhealth employed hundreds of hourly workers like Medina and the FLSA Class to staff its locations throughout the United States.

25. Wellhealth enlisted the services of Victory Marketing to meet the labor demand.

26. Vincent Antonio is the sole manager of Victory Marketing.

27. Vincent Antonio maintained control over Victory Marketing's payroll and personnel policies as they pertained to Medina and the FLSA Class.

28. Vincent Antonio had the power to hire and fire Medina and the FLSA Class on his own accord.

29. Victory Marketing had the power to hire and fire Medina and the FLSA Class on its own accord.

30. Victory Marketing had the power to hire and fire Medina and the FLSA Class on behalf of Wellhealth.

31. Wellhealth had the power to hie and fire Medina and the FLSA Class on its own accord.

32. Defendants employed and/or jointly employed Medina and the FLSA Class as hourly clinic staff.

33. Victory Marketing hired Medina and the FLSA Class on behalf of Wellhealth.

34. Victory Marketing provided training to Medina and the FLSA Class.

35. Wellhealth created the training materials Victory Marketing used to train Medina and the FLSA Class.

36. The training Victory Marketing provided to Medina and the FLSA Class was specific to Wellhealth's policies and procedures.

37. Wellhealth required the training Victory Marketing provided to Medina and the FLSA Class.

38. Victory Marketing recorded, for Wellhealth, the hours worked by Medina and the FLSA Class at Wellhealth's clinics.

39. Medina and the FLSA class recorded their hours worked in Victory Marketing's timekeeping app.

40. Victory Marketing paid Medina and the FLSA Class on behalf of Wellhealth.

41. Victory Marketing communicated and enforced Wellhealth's personnel policies on behalf of Wellhealth.

42. Victory Marketing communicated and enforced Wellhealth's dress and grooming policies on behalf of Wellhealth.

43. Victory Marketing communicated and enforced Wellhealth's timekeeping policies on behalf of Wellhealth.

44. Victory Marketing communicated and enforced Wellhealth's policy requiring Medina and the FLSA Class to arrive and prepare clinics before they opened.

45. Victory Marketing and Wellhealth jointly made the decision to pay Medina and the FLSA Class by the hour.

46. Victory Marketing and Wellhealth jointly made the decision to pay Medina and the FLSA Class straight time for overtime.

47. Victory Marketing and Wellhealth jointly made the decision to only pay Medina and the FLSA Class for the hours clinics were open for business, rather than all the hours they worked

48. Victory Marketing and Wellhealth jointly made the decision to pay Medina and the FLSA Class as 1099 workers.

49. Wellhealth provided direct supervision over Medina and the FLSA Class during their shifts in Wellhealth's clinics.

50. Medina and the FLSA Class regularly worked many hours in excess of 40 in a workweek.

51. For example, Medina regularly worked 60 or more hours per week.

52. Medina typically worked between 10 and 11 hours per day, Monday through Saturday.

53. Victory Marketing has been sued for failing to pay overtime compensation under FLSA.

54. For example, Victory Marketing was sued for failing to pay overtime pay under the FLSA in *DiRocco v. Victory Mktg. Agency, LLC*, No. 2:15-CV-552-FTM-38CM, 2017 WL 2290950 (M.D. Fla. May 25, 2017).

55. Wellhealth knew or should have known about Victory Marketing's prior FLSA litigation history because it is public record.

56. Defendants knew Medina and the Class Members worked more than 40 hours in a week.

57. Defendant knew, or showed reckless disregard for, whether the Class Members were entitled to overtime pay under the FLSA.

58. Nonetheless, Defendants failed to pay Medina and the Class Members overtime.

59. Defendants willfully violated the FLSA.

## CAUSE OF ACTION

60. By failing to pay Medina the Class Members overtime at one-and-one-half times their regular rates for all overtime hours worked, Defendants violated the FLSA's overtime provisions.

61. Because Defendants knew, or showed reckless disregard for whether, their pay practice violated the FLSA, Defendants owe these wages for the past three years.

62. Defendants owe Medina and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

63. Medina and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

64. WHEREFORE, Medina seeks relief against Defendant as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Medina and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

   c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

  d.  All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:   **/s/ David I. Moulton**  _____
  Richard J. (Rex) Burch
  Texas Bar No. 24001807
  David I. Moulton
  Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**Attorneys for Alfredo Medina**